## FULTON v TISCHER

Ohio Appeals. 2nd Dist, Montgomery Co

No 1262. Decided April 14, 1934

John W. Bricker, Attorney General, Columbus, H. A. Estabrook, Dayton, D. W. Iddings, Dayton, and Sidney G. Kusworm, Dayton, for plaintiff in error.

Legler & Murray, Dayton, for defendant in error.

**OPINION**

By BARNES, J.

Undoubtedly, the superintendent of banks is a state officer and under the provisions of the above §348, GC, can not be required to give undertaking or security in the prosecution or defense of any action, writ or proceeding.

When the superintendent of banks took over The Union Trust Company for liquidation, he became a fiduciary in the administering and liquidating of the assets of the bank.

When he sought to appeal from the order of the Probate Court in disallowing the claim for attorney fees, he did so as liquidator of the bank and in the interest of that trust. We are unable to see that any violence is done to §348 GC in requiring the superintendent of banks, when he acts as a fiduciary and desires to appeal from an order of any court, to give notice as is provided in §10501-59 GC. We find much discussion in the briefs of counsel as to the nature of the superintendent of Banks' relation to the Hazel Tischer trust. We can not see that this subject is at all pertinent to the question here involved.

At no time in the litigation was the superintendent of banks acting for or on behalf of the Hazel Tischer trust. At all times it was in the interest of the general creditors of the bank.

There should be no question that the superintendent of banks was seeking to have the attorney fees paid from the trust funds coming to Hazel Tischer rather than from the general funds of the bank. The fact that the proceeding for allowance of attorney fees was instituted through motion rather than by petition, should not in any sense change the nature of the action. Of course, the superintendent of banks was not acting in the interests of the Hazel Tischer trust. His position was antagonistic and adversary. The superintendent of banks was not bringing the action for the benefit of the state, but was bringing it as a fiduciary in the interest of the general creditors of The Union Trust Company. The fact that the superintendent of banks is empowered to take over and liquidate a bank, under certain conditions, without the intervention of a court order, does not change the general character of trust capacity. The individual, whether appointed by the court or by operation of law, becomes a fiduciary in each instance.

We find no inconsistencies in §§348 and 10501-59 GC. Bond is not required in either instance. However, in the latter section, if the appellant is acting in a fiduciary capacity, he is required to give notice.

That was not done in the instant case.

The reference to notice in the journal entry is not sufficient, as has been determined by numerous decisions of the Supreme Court in this state.

We find no error in the judgment of the court below. Exceptions will be allowed.

HORNBECK, PJ, concurs.
KUNKLE, J, not participating.